No. 22-11504

In The

# United States Court of Appeals
# for the Eleventh Circuit

CHARLES HAROLD BEDGOOD, JOEL WILSON BRANDON, HANNAH LYN HEIL-BRANDON, EDDIE MATTHEWS JR., REENA T. SMITH, JUSTIN FLOYD DIAZ, CANDICE CLARK, AND ROSLIND CHRISTINE HARPER, PLAINTIFFS-APPELLEES,

v.

WYNDHAM VACATION RESORTS, INC., WORLDMARK, THE CLUB, AND WYNDHAM RESORTS DEVELOPMENT CORPORATION DEFENDANTS-APPELLANTS.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION, NO. 6:21-CV-00418-PGB-DCI

### DEFENDANTS-APPELLANTS' REPLY BRIEF

David S. Sager
DLA Piper LLP (US)
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Telephone: (973) 520-2550
Facsimile: (973) 520-2551
david.sager@us.dlapiper.com

Yan Grinblat
DLA Piper LLP (US)
444 West Lake St., Suite 900
Chicago, IL 60606
Telephone: (312) 368-4000
Facsimile: (312) 251-2183
yan.grinblat@us.dlapiper.com

*Counsel for Defendants-Appellants Wyndham Vacation Resorts, Inc., Worldmark, The Club, and Wyndham Resort Development Corporation*

No. 22-11504

**BEDGOOD v. WYNDHAM VACATION RESORTS, INC.**

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and 11th Circuit Rules 26.1-1, 26.1-2, and 26.1-3, Defendants-Appellants Wyndham Vacation Resorts, Inc. ("Wyndham"), Worldmark, The Club ("Worldmark"), and Wyndham Resort Development Corporation ("WRDC") hereby certify that the following is a full and complete list of the trial judges and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal:

- Bedgood, Charles Harold (Plaintiff/Appellee)

- Brandon, Hannah Lyn Heil-(Plaintiff/Appellee)

- Brandon, Joel Wilson (Plaintiff/Appellee)

- Byron, Paul G., The Honorable (District Court Judge)

- Clark, Candice (Plaintiff/Appellee)

- Diaz, Justin Floyd (Plaintiff/Appellee)

- DLA Piper LLP (US) (Defendants/Appellants' Counsel Firm)

- Grinblat, Yan (Defendants/Appellants' Counsel)

- Harper, Roslind Christine (Plaintiff/Appellee)

- Irick, Daniel, The Honorable (U.S. Magistrate Judge)

- Jonas, Elizabeth (Defendants/Appellants' Counsel)

- Matthews Jr., Eddie (Plaintiff/Appellee)

- Phillips, J. Trumon (Defendants/Appellants' Counsel)

- Prossnitz, Howard B. (Plaintiffs/Appellees' Counsel)

- Sager, David S. (Defendants/Appellants' Counsel)

- Smith, Reena T. (Plaintiff/Appellee)

- Szulczewski, Adam (Plaintiffs/Appellees' Counsel)

- The Law Firm of Howard B. Prossnitz, P.L.L.C. (Plaintiffs/Appellees' Counsel Firm)

- Travel + Leisure Co.: Travel + Leisure Co. (stock ticker "TNL") is a publicly held corporation; as of September 7, 2022, The Vanguard Group beneficially owned 10% or more of the common stock of Travel + Leisure Co.

- Worldmark, The Club (Appellee/Defendant): Worldmark, The Club is a California non-profit corporation and has no owners.

- Wyndham Vacation Resorts, Inc. (Appellee/Defendant): Wyndham Vacation Resorts, Inc.'s ultimate corporate parent company is

Travel + Leisure Co., a publicly held corporation. Travel + Leisure Co. owns 10% or more of Wyndham Vacation Resorts, Inc.

- Wyndham Resorts Development Corporation (Appellee/Defendant): Wyndham Resorts Development Corporation's ultimate corporate parent company is Travel + Leisure Co., a publicly held corporation. Travel + Leisure Co. owns 10% or more of Wyndham Resorts Development Corporation.

# TABLE OF CONTENTS

**Page**

Certificate of Interested Persons .......................................... C-1

Introduction ................................................................. 1

Argument ..................................................................... 2

    I.    The FAA Requires Compelling Arbitration. ........................... 2

        A.    The Parties Delegated The Issue Of Arbitrability To An Arbitrator. .......................................... 3

        B.    Defendants Did Not Waive Their Delegation Argument. ................................................... 6

    II.    Even If It Could Have Decided The Issue Of Arbitrability, The District Court Erred By Not Appointing A Substitute Arbitrator Given The AAA's Unavailability. .......................... 7

        A.    The AAA Was Not An Available Forum. ....................... 7

        B.    The AAA Is Not Integral To The Parties' Agreement... 9

    III.    If The AAA Was Available, The District Court Erred By Not Compelling Arbitration Before The AAA. ............... 12

    IV.    Plaintiffs' Suggested Alternate Grounds For Affirming The District Court's Decision Are Unavailing. .................... 14

        A.    Defendants Did Not Waive Their Right To Arbitrate. ................................................... 14

        B.    Defendants Did Not Breach The Arbitration Clause. ...................................................... 16

Conclusion ................................................................. 17

Certification Of Compliance With Rule 32(A) ........................... 19

Certificate Of Service ................................................... 20

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Attix v. Carrington Mortgage Services, LLC*,
   35 F.4th 1284 (11th Cir. 2022) ........................................................... 3

*Brown v. ITT Consumer Fin. Corp.*,
   211 F.3d 1217 (11th Cir. 2000) ...................................................... 9, 15

*Ciccio v. SmileDirectClub, LLC*,
   2 F.4th 577 (6th Cir.2021) ............................................................ 3, 4, 7

*De Pombo v. IRINOX N. Am., Inc.*,
   2020 WL 6290153 (S.D. Fla. Oct. 27, 2020) ....................................... 8

*Flagg v. First Premier Bank*,
   644 F. App'x 893 (11th Cir. 2016) ...................................................... 11

*Freeman v. SmartPay Leasing, LLC*,
   771 F. App'x 926 (11th Cir. 2019) ...................................................... 17

*Heisman v. Wyndham Vacation Resorts, Inc.*,
   2021 WL 1138125 (D.N.J. Mar. 22, 2021) .................................... 10, 12

*Inetianbor v. CashCall, Inc.*,
   768 F.3d 1346 (11th Cir. 2014) ..................................................... 10, 11

*Kaspers v. Comcast Corp.*,
   631 F. App'x 779 (11th Cir. 2015) ............................................ 8, 13, 15

*Khan v. Dell, Inc.*,
   669 F.3d 350 (3d Cir. 2012) ................................................................ 9

*King v. Wyndham Vacation Ownership, Inc.*,
   No. 6:18-cv-03319-MDH (W.D. Mo. June 23, 2020) ..................... 10, 12

*Krinsk v. SunTrust Banks, Inc.*,
   654 F.3d 1194 (11th Cir. 2011) ................................................... 14, 15

**Page(s)**

*Parm v. Nat'l Bank of California, N.A.,*
   835 F.3d 1331 (11th Cir. 2016) ..................................................... 10, 11

*Parnell v. W. Sky Fin., LLC,*
   664 F. App'x 841 (11th Cir. 2016) ................................................. 10, 11

*Reynolds v. Wyndham Vacation Resorts, Inc.,*
   No. 2020-CP-26-07441 (S.C. Ct. Com. Pl. Apr. 5, 2021) ................... 10

*Stone v. E.F. Hutton & Co.,*
   898 F.2d 1542 (11th Cir. 1990) ........................................................... 14

*Szuts v. Dean Witter Reynolds, Inc.,*
   931 F.2d 830 (11th Cir. 1991) ............................................................. 15

**Statutes**

Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* .................................. *passim*

9 U.S.C. § 3 ................................................................................... 2, 7

9 U.S.C. § 4 ........................................................................................ 2

9 U.S.C. § 5 ................................................................................... 8, 9

**Other Authorities**

AAA Consumer R. 14(b) ........................................................................ 5

AAA Consumer R. 53 ............................................................................ 5

Black's Law Dictionary (11th ed. 2019) ................................................ 8

Collins Dictionary ................................................................................. 8

# INTRODUCTION

The district court found that it could not compel arbitration under the FAA based on the AAA's conclusion that the arbitration clause at issue violated unspecified AAA policies. The district court erred. The parties' contract delegates the threshold question of arbitrability to an *arbitrator*, not to a court, and certainly not to an administrator like the AAA. Plaintiffs do not seriously challenge the delegation clause, arguing instead that Defendants waived this argument by not raising it below. But Defendants moved to compel arbitration on *all* issues, including the validity of the arbitration clause.

The district court further erred by not compelling arbitration before a substitute arbitrator. If the specified forum is unavailable for *any* reason, the FAA *requires* appointing a substitute. In this case, the AAA was unavailable because it refused to administer the arbitrations. Even if the AAA was available, the district court erred by failing to compel arbitration before the AAA. The uncontested record and the AAA's own rules demonstrate that if the court compelled arbitration, the AAA would have administered it. Moreover, certain Plaintiffs (Diaz and Clark) signed contracts with Worldmark and WRDC, but these individuals did

not attempt to arbitrate before bringing suit, so there is no evidence that the AAA would have rejected their arbitration demands.

Finally, Plaintiffs have not established that Defendants waived or breached the arbitration clause. The Eleventh Circuit has held that an arbitration clause is enforceable even if it conflicts with AAA rules. Plaintiffs must demonstrate waiver or breach, but they do not identify any actions by Defendants that were inconsistent with arbitration or any prejudice to Plaintiffs.

## ARGUMENT

## I. The FAA Requires Compelling Arbitration.

Plaintiffs do not address Defendants' argument that section 4 of the FAA requires compelling arbitration. *See* Defendants' Brief ("Defs. Br.") at 1, 11, 18. Rather, Plaintiffs argue that Defendants "defaulted" under section 3 of the FAA based on an alleged failure to comply with unspecified AAA policies. *See* Plaintiffs' Brief ("Pls. Br.") at 16-17. This argument follows the district court's erroneous ruling that *one* Defendant (WVR) did not comply with AAA's policies and, as a result, *no* Defendants could compel arbitration, and *all* Plaintiffs, including those that did not demand arbitration, could litigate their claims. But the parties'

agreements delegate this threshold determination to an arbitrator, not a court or the AAA. *See* Defs. Br. at 21-27. The AAA's administrative determination that there was a discrepancy between WVR's arbitration clause and the AAA rules cannot dictate a default under the FAA.

### A. The Parties Delegated The Issue Of Arbitrability To An Arbitrator.

In relying on the district court's conclusion that Defendants "defaulted" under the FAA, *see* Pls. Br. at 15-18, Plaintiffs fail to address the holding in *Attix v. Carrington Mortgage Services, LLC*, which held that courts may not decide arbitrability questions that the parties delegated to an arbitrator. *See* 35 F.4th 1284, 1295-96 (11th Cir. 2022). Plaintiffs argue that the plaintiff in *Attix* "began by filing suit" and that *Attix* "did not involve any issue about whether the defendant was in default," Pls. Br. at 24, but these distinctions do not impact the fact that, as in this case, the parties in *Attix* delegated *all* threshold questions to an arbitrator. *See* Defs. Br. at 23-24.

Similarly, in *Ciccio v. SmileDirectClub LLC*, the appellees argued that the AAA's unilateral determination that the appellant failed to comply with its rules permitted them to forego arbitration. The Sixth Circuit rejected this approach, holding instead that an arbitrator must

determine the existence of a breach and its effect on arbitrability. 2 F.4th 577, 579-82 (6th Cir. 2021). Plaintiffs rely on the dissent in *Ciccio*, *see* Pls. Br. at 27-28, but their argument misses the point: the AAA may determine whether to administer a case, but the AAA may not unilaterally void an arbitration clause.

Plaintiffs also are wrong in their assertion that "[t]here is no . . . express delegation language" in the arbitration clause at issue in this case. Pls. Br. at 24. The parties agreed that "any dispute" – including "any claim regarding any breach, termination, enforcement, interpretation or validity of this Agreement" – "shall be determined exclusively and finally by individual arbitration[.]" Doc 1 at Exs. E, F, G, I ¶ 34(a); *id.* at Ex. H ¶ 29(a). Contrary to Plaintiffs' argument, this language is clear and unmistakable evidence of the parties' intent to arbitrate arbitrability, and Plaintiffs do not offer any authority suggesting that the delegation language is insufficient. In any event, Plaintiffs ignore Defendants' argument that incorporation of the AAA rules, without more, is sufficient to delegate the issue of arbitrability to an arbitrator. *See* Defs. Br. at 23-24 (collecting cases).

In fact, the AAA rules show that an arbitrator, rather than the AAA or a court, should have decided whether a breach or default occurred. *See* Doc. 13-4 at PageID 205 (Consumer R. 14(b)) ("The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part."); *Id.* at PageID 220 (Consumer R. 53) ("The arbitrator shall interpret and apply these Rules as they relate to the arbitrator's powers and duties."). Plaintiffs are wrong insofar as they suggest that arbitration "has been had" merely because the AAA refused to administer a dispute. *See* Pls. Br. at 15-16. The AAA rules and the law in this Circuit require an arbitrator to decide arbitrability.

Even if it could have decided the threshold arbitrability question, the district court erred because there is no evidence that Defendants were in default. Magistrate Judge Irick correctly determined that there was no evidence of "any action (or failure to act) by Defendants vis-à-vis Plaintiffs." Doc. 48 at 9; *see also id.* ("Plaintiffs make it seem as though Defendants have taken (or failed to take) some action after the execution of the Arbitral Agreement that has now resulted in waiver or breach. Not so, on this record."). The district court described Defendants' conduct as "neglectful" and "negligent," Doc. 57 at 10-11, 14, despite no evidence in

the record of any such conduct. *See* Doc. 48 at 9 ("Defendants' conduct is unspecified, as are the policies violated. The Court has almost no information as to what Defendants allegedly did to [allegedly] waive or breach" the AAA rules).

Finally, Plaintiffs' rhetoric that WVR deceives owners with its arbitration clause is unsupported. The evidence shows that the AAA unilaterally declined to administer the arbitrations from Plaintiffs Bedgood and Brandon and notified Defendants by letter after the fact. Defendants have consistently sought to arbitrate these claims in accordance with the parties' agreement and stand ready to do so either before the AAA or a substitute arbitral body.

## B.    Defendants Did Not Waive Their Delegation Argument.

Plaintiffs' suggestion that Defendants waived their delegation argument on appeal is incorrect. Defendants responded to the Complaint by moving to compel arbitration on ***all*** issues, including Plaintiffs' challenge to the arbitrability of this dispute and the validity of the arbitration clause in the parties' agreements. *See* Doc. 11. Defendants provided supplemental authority holding that an arbitrator – not the AAA – should decide the threshold issue of arbitrability. Doc. 27 (citing

*Ciccio*, 2 F.4th at 557). Indeed, Plaintiffs responded to this supplemental authority, *see* Doc. 30, and cannot claim surprise (or prejudice given that the only proceedings that occurred in the district court concerned Defendants' motion to compel arbitration).[1]

Moreover, the district court's decision that "default" under section 3 of the FAA precluded arbitration was not based on any briefing below. *See* Doc. 57 at PageID 854-55 & n.3 (noting that the issue was "not originally presented to the magistrate judge"); *id.* at PageID 856-57 (similar). Defendants' challenge to this ruling based on the delegation clause is appropriately before this Court.

## II. Even If It Could Have Decided The Issue Of Arbitrability, The District Court Erred By Not Appointing A Substitute Arbitrator Given The AAA's Unavailability.

### A. The AAA Was Not An Available Forum.

Plaintiffs argue that the AAA is an available forum "but for" Defendants' alleged conduct. *See* Pls. Br. at 29. In other words, the AAA

---

[1] In *Ciccio*, for example, the appellant's brief did not specifically raise the delegation provision, arguing – like Defendants did below – that "the parties must arbitrate ***all*** disputes." *Ciccio v. SmileDirectClub, LLC*, No. 20-5833 (6th Cir. Sept. 16, 2020), Doc. 20 at 18 (emphasis added). The Sixth Circuit correctly found that appellants had challenged whether "the administrator []or the district court should have decided whether Johnson's claims were arbitrable" and based its ruling on the contract's delegation clause, which required "an arbitrator [to] decide gateway questions of arbitrability." *Ciccio*, 2 F.4th at 582.

is *not* available. "But for" means "the only factor that causes a particular thing ***not to happen***[.]" Collins Dictionary (accessed Sept. 4, 2022), *available at* https://www.collinsdictionary.com/us/dictionary/english/but-for (emphasis added); *c.f.* Black's Law Dictionary (11th ed. 2019) (defining "but-for cause" as "[t]he cause without which the event could not have occurred"). Something available "but for" a condition precedent is in fact not available, as shown by the AAA's refusal to administer arbitrations from three of the Plaintiffs in this case.

The FAA requires a court to appoint a substitute arbitrator if a forum is unavailable for "***any*** . . . reason." 9 U.S.C. § 5 (emphasis added). Courts routinely hold that arbitral forums that elect not to administer an arbitration are unavailable and appoint a substitute forum regardless of the reason for the original forum's refusal. *See, e.g.*, *Kaspers v. Comcast Corp.*, 631 F. App'x 779, 783 (11th Cir. 2015); *De Pombo v. IRINOX N. Am., Inc.*, 2020 WL 6290153, at *6 (S.D. Fla. Oct. 27, 2020) (AAA "unavailable" because it "refused to enforce the express terms of the indemnification clause in the parties' Agreement"); *see also* Defs. Br. at 35-36 (collecting cases). Plaintiffs do not address these authorities and cite no case law in support of their contrary argument.

8

**B.     The AAA Is Not Integral To The Parties' Agreement.**

A substitute arbitrator must be appointed unless the original forum was "an integral part of the agreement to arbitrate." *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000). Whether a forum is integral turns on whether the parties "unambiguously expressed their intent not to arbitrate" if "the designated arbitral forum is unavailable." *Khan v. Dell, Inc.*, 669 F.3d 350, 354 (3d Cir. 2012). Plaintiffs do not identify any evidence of such unambiguous intent.

Plaintiffs argue that the AAA is integral to the arbitration clause because "the arbitration agreement makes no provision for appointment of a substitute arbitrator." Pls. Br. at 30. This argument is misleading. Appointment of a substitute arbitrator "is addressed in section 5 of the FAA, which provides a mechanism for substituting an arbitrator when the designated arbitrator is unavailable." *Khan*, 669 F.3d at 354. The contracts at issue expressly state that they are governed by the FAA, *see* Doc. 1 at Exs. E, F, G, I ¶ 37; *id.* at Ex. H ¶ 29(d), and Plaintiffs cite no authority requiring anything further.

Plaintiffs go on to argue that "the AAA is referenced multiple times" in the parties' agreements, Pls. Br. at 32, but these references are

insufficient to sustain their burden. The AAA is mentioned three times and only in the arbitration clause. *See* Defs. Br. at 38-39. In contrast, the contract makes over a dozen references to arbitration with no mention of the AAA. *See* Doc. 1 at Exs. E, F, G, I ¶ 34; *id.* at Ex. H ¶ 29. In *King v. Wyndham Vacation Ownership, Inc.*, No. 6:18-cv-03319-MDH (W.D. Mo. June 23, 2020), which considered the arbitration clause at issue in this case, the court held that "nothing in the contract indicates that the AAA was integral to the arbitration agreement[.]" *See* Doc. 11-1 at 5.[2]

Plaintiffs' authorities are distinguishable. In three of the cases – which concern the same arbitration clause – the specified *arbitrator* (not administrator) was unavailable. *See Inetianbor v. CashCall, Inc.*, 768 F.3d 1346, 1351-53 (11th Cir. 2014), *Parm v. Nat'l Bank of California, N.A.*, 835 F.3d 1331, 1333-38 (11th Cir. 2016); *Parnell v. W. Sky Fin., LLC*, 664 F. App'x 841, 843 (11th Cir. 2016). The contracts in those cases required arbitration before the "Cheyenne River Sioux Tribe" and the whole agreement (not just the arbitration provision) was "subject solely

---

[2] None of the other cases considering Defendants' arbitration clause held the AAA to be integral. *See Heisman v. Wyndham Vacation Resorts, Inc.*, 2021 WL 1138125 (D.N.J. Mar. 22, 2021); *Reynolds v. Wyndham Vacation Resorts, Inc.*, No. 2020-CP-26-07441 (S.C. Ct. Com. Pl. Apr. 5, 2021).

to the exclusive laws and jurisdiction" of the Tribe. *Id.* The entire "agreement expressly and repeatedly reference[d] the [Tribe] and the exclusive application of its laws and jurisdiction," and "[t]hese pervasive references" were "evidence that the forum selection clause was not simply an ancillary concern but an integral aspect of the parties' agreement to arbitrate." *Parm*, 835 F.3d at 1338.[3]

Moreover, unlike the Cheyenne River Sioux Tribe, the AAA is merely an administrator, not the ultimate arbitrator of the parties' dispute. *See* Defs. Br. at 31. Plaintiffs do not identify any unique features of the AAA or its rules that were integral to their agreement to arbitrate. To the contrary, in the event of a conflict, the contract terms and not the AAA rules govern. *See* Doc. 1 at Exs. E, F, G, I ¶ 34(e); *id.* at Ex. H ¶ 29(d). In any event, the AAA rules – unlike the laws of the Cheyenne River Sioux Tribe – can easily be applied by any arbitrator.

Finally, Plaintiffs offer no support for their argument that "[a]ppointment of substitute arbitrators would be an administrative

---

[3] Plaintiffs also cite *Flagg v. First Premier Bank*, 644 F. App'x 893 (11th Cir. 2016), which is equally inapposite. As in *Inetianbor*, *Parm*, and *Parnell*, the contract at issue in *Flagg* referenced the chosen forum "throughout the agreement," indicating that the forum was more than a mere logistical concern. *Id.* at 896. Not so in this case.

burden for federal courts." Pls. Br. at 32. The Complaint's allegations regarding the number of timeshare owners that allegedly "seek cancellation" of their contracts or file "complaints about Wyndham" with the Better Business Bureau, *id.*, say nothing about the number of owners that file arbitration demands or bring suit. To the contrary, the parties have collectively cited only two prior federal cases concerning WVR's arbitration clause. *See King*, No. 6:18-cv-03319-MDH; *Heisman*, 2021 WL 1138125. There is no evidence of undue burden.

## III. If The AAA Was Available, The District Court Erred By Not Compelling Arbitration Before The AAA.

If the AAA was available, as the district court found, the court should have compelled arbitration before the AAA. Plaintiffs' suggestion that compelling such arbitration would "bully the AAA" or "force[] the AAA to violate its own rules," Pls. Br. at 33, ignores the text of those rules, which states that the AAA "will comply with any court orders issued from litigation involving the parties to the dispute," whether or not the AAA is a party to that litigation. *See* Doc. 13-4 at PageID 227.

Plaintiffs' argument also ignores Plaintiffs' own evidence that the AAA previously agreed to administer arbitrations against WVR when presented with a court order, notwithstanding any inconsistencies

12

between WVR's contract and the AAA's consumer rules. *See* Defs. Br. at 46. This is precisely what happened in *Kaspers*: "the AAA agreed to arbitrate [the] dispute" even though the defendant's "damages provision" was "non-compliant" with the AAA's rules, because it "had been presented with a court order to do so." 631 F. App'x at 783 & n.3. This Court affirmed the order compelling arbitration in *Kaspers*. The district court's contrary decision in this case was reversible error.

At the very least, Plaintiffs Diaz and Clark – who signed agreements with Defendants Worldmark and WRDC and did not attempt to arbitrate before bringing suit – should have been compelled to arbitrate. Plaintiffs do not identify any evidence that the AAA previously rejected arbitrations against Worldmark or WRDC. The Complaint's conclusory allegation that the "AAA has removed . . . Worldmark from its Consumer Clause Registry," Pls. Br. at 34 (quoting Doc. 1 ¶ 4), is insufficient to demonstrate that the AAA would decline this arbitration, particularly because it says nothing about Defendant WRDC. On this record, the district court's finding that compelling Diaz and Clark to arbitration was "futile," *see* Pls. Br. at 34, was error.

13

**IV.    Plaintiffs' Suggested Alternate Grounds For Affirming The District Court's Decision Are Unavailing.**

Plaintiffs argue in the alternative that the district court's ruling should be affirmed because Defendants waived and/or breached the arbitration clause. As a threshold matter, the parties expressly agreed that an arbitrator should decide threshold issues regarding the enforceability of the arbitration clause. *See* Section I, *supra*. Plaintiffs' argument also fails on the merits because there is no record evidence to support a finding of waiver or breach.

**A.    Defendants Did Not Waive Their Right To Arbitrate.**

Plaintiffs do not cite any Eleventh Circuit law in support of their claim that Defendants "waived [their] right to arbitrate" this dispute. Pls. Br. at 19. "[B]ecause federal law favors arbitration, any party arguing waiver of arbitration bears a heavy burden of proof" and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990) (citations omitted). To establish waiver, the party resisting arbitration must show *both* that the party seeking arbitration "has acted inconsistently with the arbitration right" and that this conduct "has in some way prejudiced" the resisting party. *Krinsk v. SunTrust Banks, Inc.*,

654 F.3d 1194, 1200 (11th Cir. 2011) (citations omitted). Plaintiffs cannot surmount this heavy burden.

Plaintiffs do not argue that Defendants acted inconsistently with arbitration, nor can they given that Defendants' first responsive pleading was a motion to compel arbitration. *See* Doc. 11. Any argument for waiver based on Defendants' alleged "failure to follow [the AAA's] arbitration rules" because certain contract provisions were inconsistent with those rules, *see* Pls. Br. at 19-20, is similarly foreclosed. Parties "are free to include [in their contracts] provisions in conflict with" the AAA's rules, *Szuts v. Dean Witter Reynolds, Inc.*, 931 F.2d 830, 831 (11th Cir. 1991); and such terms do not "render[] the arbitration provision invalid or unenforceable," *Kaspers*, 631 F. App'x at 783.

Plaintiffs also have not alleged or pointed to evidence of prejudice. Plaintiffs' contention of "considerable delay," Pls. Br. at 20, is irrelevant. Courts look at "the length of delay ***in demanding arbitration***." *Krinsk*, 654 F.3d at 1201 (emphasis added). In this case, "demand for arbitration was made promptly after the lawsuit was filed," Plaintiffs "did not incur the delay or expense associated with litigation that might otherwise demonstrate prejudice," and "no waiver occurred." *Brown*, 211 F.3d at

1223. Plaintiffs having to "pay court filing fees," Pls. Br. at 20, also does not suffice. Otherwise, *every* plaintiff could demonstrate prejudice. In any event, five of the eight Plaintiffs did not attempt to arbitrate prior to bringing suit, and thus suffered no added expense or delay, even under Plaintiffs' own (incorrect) formulation of the law.

### B.    Defendants Did Not Breach The Arbitration Clause.

Plaintiffs' suggestion that Defendants "materially breached" the terms of the arbitration clause, Pls. Br. at 21, is similarly unavailing. Plaintiffs do not identify any purported conduct *in this case* that breached the terms of the parties' agreement. They merely cite two out-of-circuit decisions brought by different plaintiffs where breach was found because WVR purportedly "refused the AAA's request to change the provision requiring that arbitration occur in Orange County, Florida, and the provision placing a limitation on recoverable damages." *Id.* at 21-22 (citations omitted). But, as Magistrate Judge Irick correctly determined – and the district court did not dispute – "there is no evidence that the AAA has requested Defendants waive the inconsistent provisions ***in this case*** and there is no evidence that Defendants refused to waive those provisions." Doc. 48 at 12-13 (emphasis added).

As discussed, this Court has repeatedly held that arbitration clauses are valid even if they incorporate terms that are inconsistent with the rules of the specified arbitral body. *See* Section IV(A), *supra* (collecting cases). In fact, the parties' contracts expressly state that "[i]n the event of any conflict between the AAA Rules and this Agreement, the provisions of this Agreement shall be controlling." Doc. 1 at Exs. E, F, G, I ¶ 34(e); *id.* at Ex. H ¶ 29(d). Defendants did not breach the arbitration clause by attempting to enforce the terms of that clause as written.[4]

## <u>CONCLUSION</u>

For these reasons, and the reasons discussed in their opening brief, Defendants-Appellants respectfully request that this Court reverse the denial of their motion to compel arbitration and remand the case with instructions to compel individual arbitration.

---

[4] Plaintiffs' reliance on *Freeman v. SmartPay Leasing, LLC* is misplaced. In that case, breach was found because "in the parties' arbitration agreement, [defendant] expressly agreed to pay the initial filing fee, which it failed to do." 771 F. App'x 926, 933 n.4 (11th Cir. 2019). But in this case, "Plaintiffs have provided the Court with no evidence of nonpayment of arbitration fees," Doc. 48 at 8, and they do not identify any specific contract terms that Defendants allegedly breached.

September 7, 2022

Respectfully submitted,

DLA PIPER LLP (US)

*/s/ David S. Sager*
David S. Sager
51 John F. Kennedy Pkwy
Suite 120
Short Hills, NJ 07078
Telephone: (973) 520-2550
Facsimile: (973) 215-2604
david.sager@us.dlapiper.com

Yan Grinblat
DLA Piper LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606
Telephone: (312) 368-2183
Facsimile: (312) 251-2183
yan.grinblat@us.dlapiper.com

*Attorneys for Defendants-Appellants*

## <u>CERTIFICATION OF COMPLAINCE WITH RULE 32(A)</u>

I hereby certify, on this 7th day of September, 2022, that this Brief complies with the Type-Volume Limitation, Typeface Requirements, and Type-Style Requirements:

1.    This document complies with the word limit requirement of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 3,814 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2.    This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in roman style typeface of 14 points.

*/s/ David S. Sager*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September, 2022, pursuant to Federal Rule of Appellate Procedure 25(d) and 11th Circuit Rule 25-3(a), that I caused the foregoing Brief to be filed using the CM/ECF system, which constitutes service on all attorneys registered to use that system pursuant to 11th Cir. R. 25-3(a), including all counsel of record for Relators. I further certify that seven copies of this brief are being delivered via UPS to the Clerk's Office of the United States Court of Appeals for the Eleventh Circuit.

*/s/ David S. Sager*